MAUCHER v. HEDGES et al.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

VENUE (§ 52*)—CHANGE OF PLACE OF TRIAL—RIGHT TO.
    On defendants' application, the place of trial should be changed to the county where the cause of action arose, and where the greater number of witnesses reside, and where a speedy trial can be had; it not appearing that plaintiff will be unable to travel to that county for the trial, or that he cannot procure attendance of his witnesses there.
    [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Maximilian Maucher against Frank J. Hedges and another. From an order refusing to change the place of trial, defendants appeal. Reversed, and application granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT. MILLER, and DOWLING, JJ.

T. M. Griffing, for appellants.
Milton I. Levy, for respondent.

DOWLING, J. Plaintiff on April 3, 1911, was in the employ as workman and farm laborer of the defendant Frank J. Hedges, on his farm at Wainscott, Suffolk county, Long Island, when he claims to have been injured through the negligence of the defendant in not providing him with a safe and proper truck on which to do his work, and allowing his son, the codefendant Arthur Hedges, who was a reckless and unskillful driver, to drive said truck, which he did so negligently, while it was unsecurely loaded, that plaintiff was thrown therefrom and run over thereby. Upon defendant's application to change the place of trial, it appeared that some 10 persons who reside in Suffolk county will be necessary witnesses for the defense; their names and residences being given, as well as the facts to which

each will testify.   As against this plaintiff's attorney submits an affidavit that:

"The witnesses necessary to be called in this case will be the physicians who treated the plaintiff at the Bellevue Hospital and the defendants.  Plaintiff does not expect to call any other witnesses."

While it is stated that plaintiff is "in poor circumstances," it does not appear that he will be unable to travel to Suffolk county for the trial; nor does he show how many physicians he proposes to call, nor that he cannot procure their attendance in that county.   The cause of action arose in Suffolk county, where the greater number of witnesses reside, and where a speedy trial can be had.

The order appealed from should be reversed, with $10 costs and disbursements, and the application to change the place of trial granted, with $10 costs.   All concur.